Sangita Chhagan
4067 Kinsale Street
Dublin, CA 94568
Tel: (925) 216-9936
sangita22@yahoo.com

*In Propria Persona*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-17-0295 HSG |
| Plaintiff, | **MOTION FOR RETURN OF PROPERTY** |
| v. | |
| SALEEM KHAN, | Date: August 20, 2018<br>Time: 2:00 p.m. |
| Defendant. | |

**NOTICE**

TO THIS HONORABLE COURT, AND GOVERNMENT COUNSEL, AND DEFENSE COUNSEL:

PLEASE TAKE NOTICE that on August 20, 2018 at 2:00 p.m., or as soon thereafter as this matter may be heard, in the courtroom of The Honorable Haywood S. Gilliam, United States District Judge, movant Sangita Chhagan will, and hereby does, move this Court for an order directing the return of her property. This motion is based on the United States Constitution, the Federal Rules of Criminal Procedure, the accompanying memorandum of points and authorities, the pleadings that have been filed in this matter, and such further argument and evidence as may be presented prior to and during the hearing on this motion.

**INTRODUCTION**

Movant Sangita Chhagan respectfully seeks an order from the Court pursuant to Federal Rule of Criminal Procedure 41(g) directing that jewelry obtained by the government in the course of its investigation of defendant Saleem Khan be returned to Ms. Chhagan forthwith.[1]  There is no dispute that the jewelry belongs to Ms. Chhagan; no dispute that her need for the jewelry is urgent; and no dispute that the jewelry can be returned without compromising the integrity of these proceedings.  Indeed, the government has stated its willingness to return the jewelry provided that defendant Khan will execute an evidentiary stipulation that obviates any need to introduce the actual jewelry into evidence at trial.

To date, however, Mr. Khan has withheld his assent to the proposed stipulation.  Accordingly, Ms. Chhagan requests that the Court order the jewelry's return over Mr. Khan's unprincipled objection.

**BACKGROUND**

As part of its investigation of the offenses charged against Mr. Khan, the government obtained jewelry belonging to Ms. Chhagan.  This jewelry was given by Ms. Chhagan's ex-husband, Roshan Chaganlal, to a witness by the name of Ammar Akbari as collateral for a putative loan.  The government will prove at trial in this matter that the putative loan disguised a cash payment from Mr. Khan to Mr. Chaganlal that was part of Mr. Khan's alleged insider-trading conspiracy.  The jewelry was given to Mr. Akbari by Mr. Chaganlal to lend an appearance of legitimacy to the putative loan.

As this short summary makes clear, it is the *fact* that the jewelry was transferred to Mr. Akbari that has evidentiary significance.  No matter where the actual jewelry resides at the time of trial, the testimony will be that Mr. Chaganlal gave it to Mr. Akbari as faux collateral for a faux

---

[1] Ms. Chhagan has standing to seek return of her property by way of a motion filed in this action.  *See United States v. Hubbard*, 650 F.2d 293, 310 (D.C. Cir. 1980) ("In our view the [third party seeking return of property] could have proceeded by simple motion, served on the parties in the criminal case, under the caption of that case.").

loan that disguised a real cash payment. And no matter where the jewelry resides, Mr. Khan is free to offer an alternative explanation for the jewelry's transfer.

Ms. Chhagan first approached the government to request that the jewelry be returned to her in March 2018. This request was occasioned by a sudden, acute need for cash to finance unexpected medical treatment for Ms. Chhagan's teenage daughter. In response to Ms. Chhagan's request, the government quickly offered to contact all interested parties to facilitate the jewelry's return. Based on subsequent conversations with counsel, Ms. Chhagan understands that Mr. Akbari did not object to the return of the jewelry. Ms. Chhagan further understands that the government proposed evidentiary stipulations to counsel for Mr. Khan that would obviate any need to introduce the jewelry at Mr. Khan's trial.

Ms. Chhagan understands that Mr. Khan has refused to execute the stipulations proposed by government counsel. To Ms. Chhagan's knowledge, Mr. Khan has not provided any explanation for his refusal to stipulate. In particular, he has not asserted any proprietary interest in the jewelry, nor has he articulated any legal reason why the government must maintain possession of the actual jewelry in lieu of photographs that accurately depict it. Absent any legal basis, Mr. Khan should not be permitted to stymie the jewelry's return.

**ARGUMENT**

In relevant part, Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved . . . by the deprivation of property may move for the property's return." In general, "an order to return property under Rule 41(g) is inappropriate where the government's need for the property as evidence continues." *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1112-13 (9th Cir. 2008). When the government does not need the property as evidence, however, "a presumption in favor of return arises." *Id.*; *see also United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) ("[a] criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence"). Similarly, when the government's "legitimate interests can be satisfied even if the property is returned," return of the property to the aggrieved person is usually appropriate. *Ramsden v. United States*, 2 F.3d 322, 326-27 (9th Cir. 1993);

*accord* Fed. R. Crim. P. 41 (Advisory Committee's Note to 2009 Amendment) ("In many instances documents and records that are relevant to ongoing or contemplated investigations and prosecutions may be returned to their owner as long as the government preserves a copy for future use.").

Applying these general rules, courts often order that property be returned to its owner when a copy or other representation of the property will accomplish the same evidentiary purpose as the original. *See*, *e.g.*, *United States v. Hardeman*, No. CR-08-0847 WHA, 2009 WL 1035492, at *2 (N.D. Cal. Apr. 17, 2009) (directing return of papers, keys, and digital recordings but allowing government to retain copies or duplicates, absent an affidavit justifying retention of the original); *Matter of Search Warrant for K-Sports Imports, Inc.*, 163 F.R.D. 594, 598 (C.D. Cal. 1995) ("Government's interest may be accommodated by returning all original documents and computer records/discs to K-Sports after Government has had an opportunity to . . . duplicate those items relating to the purported machine guns."); *see generally J.B. Manning Corp. v. United States*, 86 F.3d 926, 928 ("If the government's investigatory and prosecutorial interests can be served by retaining copies of the documents, it is unreasonable for the government to refuse to return original documents to the owner."); *Johnson v. United States*, 971 F. Supp. 862, 869 (D.N.J. 1997) ("Rule 41(e) [now 41(g)] provides a balance whereby the property interests of the aggrieved party are protected and the legitimate law enforcement interests are not impaired.").

Here, Ms. Chhagan is severely aggrieved by the deprivation of her property. As set forth in the declaration filed herewith under seal, Ms. Chhagan cannot afford urgent medical treatment for her daughter without liquidating her limited assets.[2] Her inability to access the jewelry at issue prevents her from financing that treatment, and thereby jeopardizes her daughter's health.

While Ms. Chhagan recognizes that the jewelry plays a role in the government's case against Mr. Khan, the government's legitimate interest in proving its case can be satisfied even if the jewelry is returned. Photographs of the jewelry can be offered into evidence at trial in just the

---

[2] Given the sensitive and private nature of the medical information set forth therein, Ms. Chhagan has requested permission to file her declaration under seal.

1 same way that the jewelry itself could be introduced.  Mr. Khan has no legitimate reason to refuse
2 to stipulate to this procedure; a properly authenticated photograph is legally indistinguishable from
3 the real thing.
4    For these reasons, and especially given what is at stake for Ms. Chhagan, the Court should
5 grant Ms. Chhagan's motion and order that her jewelry be returned forthwith.

## CONCLUSION

For the reasons stated, the Court should grant Ms. Chhagan's motion and order that the jewelry be returned to her forthwith.

DATED:  July 31, 2018                    Respectfully submitted,


                                         By ____/s/_____
                                              Sangita Chhagan
                                              *In Propria Persona*