1  ALEX G. TSE (CABN 152348)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  KYLE F. WALDINGER (CABN 298752)
   MATTHEW L. McCARTHY (CABN 217871)
5  Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone:   (415) 436-6830/(415) 436-6838
        Facsimile:   (415) 436-7234
8       E-mail:      Kyle.Waldinger@usdoj.gov
                     Matthew.McCarthy@usdoj.gov
9
   Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 17-00295 HSG |
| Plaintiff, | ) **UNITED STATES' EX PARTE APPLICATION AND [PROPOSED] ORDER PERMITTING RELEASE OF GRAND JURY TRANSCRIPTS** |
| v. | ) |
| SALEEM MOHAMMAD KHAN, | ) Trial Date: February 19, 2019 |
| Defendant. | ) Pretrial Date: January 22, 2019, 3:00 p.m. |
| | ) Court: Hon. Haywood S. Gilliam, Jr. |

**A.   Introduction**

The United States has already produced the grand jury testimony of certain civilian witnesses who testified before the grand jury, which production was subject to the Court's order dated June 26, 2017. *See* doc. 18

Now, the United States hereby respectfully applies *ex parte* for an additional order, pursuant to Federal Rule of Criminal Procedure 6(e), authorizing the government to provide defendant's counsel with copies of the grand jury testimony of any law enforcement witnesses whom the government may call at trial. This application is also necessitated by the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500.

/ / /

**B.     Government Request**

The secrecy provisions of Federal Rule of Criminal Procedure 6(e) provides in pertinent part that:

> The Court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter:
>
> (i) preliminarily to or in connection with a judicial proceeding . . . .

Fed. R. Crim. P. 6(e)(3)(E). The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. *In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464, 470 (E.D. Pa. 1971); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

In *U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir.), *cert. denied*, 382 U.S. 814 (1965), the Ninth Circuit observed that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served. The court held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." *Id.* at 21.

The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 22 (quoting *United States v. Amazon Ind. Chem. Corp.*, 55 F.2d 254 (D. Md. 1931)); *accord Procter & Gamble Co.*, 356 U.S. at 681-82 n.6.

In this case, the policy considerations requiring secrecy apply with diminished force. The case has already been indicted, and the matter is set to proceed to trial on February 19, 2019. *See In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. at 470 (stating that "once a grand jury has concluded its work, the courts have, to some degree, relaxed the secrecy principle"). Transcripts of the testimony of

civilian witnesses who testified before the grand jury have already been disclosed to the defense. Disclosing the testimony of any law enforcement witnesses before the grand jury who are expected to testify at trial would not implicate the other policy concerns in this case. Moreover, disclosure of the grand jury testimony is in the interest of justice because it will permit defendant's counsel to have certain Jencks Act materials before trial pursuant to 18 U.S.C. § 3500.

## C. Conclusion

Accordingly, the government moves this Court to issue an order authorizing the government to provide defendant's counsel with copies of the grand jury testimony of any law enforcement witnesses whom the government may call at trial. The government plans to provide these materials to defense counsel on or before February 4, 2019. A proposed order is set out below.

Dated: January 15, 2019

Respectfully submitted,

ALEX G. TSE
United States Attorney

/s/
KYLE F. WALDINGER
MATTHEW L. McCARTHY
Assistant United States Attorneys

## [PROPOSED] ORDER

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E) that plaintiff United States of America may supply counsel for defendant Saleem Khan with a copy of the grand jury testimony of law enforcement witnesses the government may call at trial. This order is being entered to permit compliance with the disclosure provision of the Jencks Act, 18 U.S.C. § 3500.

IT IS FURTHER ORDERED that defense counsel shall not disclose such grand jury testimony to any other persons, except as necessary in preparation of the defense, without prior authorization from this Court, and that the copy of the testimony provided to defense counsel (and any reproductions or copies made of the produced copy) shall be returned to the government at the conclusion of proceedings.

Dated: 1/16/2019

HONORABLE HAYWOOD S. GILLIAM, JR.
United States District Judge